RAFAEL ARROYO. The (WIENER v.). See Case No. 17,621.

## Case No. 11,525.

In re RAFFAUF.

[6 Biss. 150; 1 Cent. Law J. 364; 10 N. B. R. 69; 6 Chi. Leg. News, 341; 21 Pittsb. Leg. J. 206.] [1]

District Court, W. D. Wisconsin. July 7, 1874.

BANKRUPTCY—NUMBER AND AMOUNT OF CREDITORS—AMENDED ACT—PRIOR ADJUDICATION.

1. The amendment of June 22, 1874 [18 Stat. 178], respecting the number and amount of petitioning creditors, has no application to cases in which an adjudication had been entered.

[Cited in Re Comstock, Case No. 3,077; Re Leland, Id. 8,231.]

2. The adjudication is a decree of the court, and is beyond legislative control.

In bankruptcy. The bankrupt [Jacob Raffauf] filed an affidavit showing that the requisite number of his creditors did not petition for his adjudication according to the 12th section of the act of June 22, 1874, amendatory of the bankrupt law, and moved that the proceedings be dismissed unless a sufficient number join in the petition within the time prescribed in said act. The petition was filed against the bankrupt in this case on the 5th day of February, 1874, and an order was made requiring him to show cause on the 16th day of February, why he should not be adjudged a bankrupt, which was duly served upon him, and, on the return day he was adjudged a bankrupt by default, and a warrant was issued to the messenger in due form, upon which his property was seized, and his creditors were notified of the first meeting before the register to elect an assignee, and on the day fixed an assignee was duly chosen by the creditors, who then and there accepted and qualified, and proceeded in the execution of his trust under the assignment. He was pursuing his duties as such assignee when the amendatory act above mentioned was passed.

E. E. Bryant, for bankrupt.
D. K. Tenney, for creditors.

HOPKINS, District Judge. The question raised by this motion is, whether the amended act applies to cases in the advanced condition this was when the act took effect. The twelfth section of the amended act requires that the petitioning creditors must constitute and consist of at least one-fourth of the number of the creditors, and represent at least one-third of the aggregate amount of the debts of the alleged bankrupt, and declares that those provisions shall apply to all compulsory or involuntary cases commenced since December 1, 1873. It provides, also, that if the allegation as to number or amount is denied by the debtor, the court shall, in the mode prescribed, ascertain whether the requisite number and amount have petitioned, and if not, then the proceed-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 1 Cent. Law J. 364, contains only a partial report.]

ings should be dismissed,—from which it is manifest that in cases hereafter commenced, an allegation to that effect will be necessary or a satisfactory excuse presented for its omission.

These provisions of the act the bankrupt seeks to have applied to this case; but I do not think they apply, for the reason that the adjudication in this case had been made before the passage of the amended act. The adjudication is the judgment of the court, a decree of bankruptcy, and it is very questionable whether it could be vacated or overreached by the legislative department of the government. That department might as well set aside the judgments of the courts in other cases, as to avoid this, and I do not assent to the existence of such power in congress over the judgments of courts. But it is not necessary to rest my decision wholly upon this ground, for I do not think a proper and reasonable construction of the act authorizes such an application of its provisions. Its requirements are satisfied with an application of its provisions to existing cases before adjudication, and such seems to me to be the obvious meaning of the amendment. The construction contended for here would make great confusion, as in many cases assignees have converted the property into money and paid officers' fees and expenses out of it; and in some instances may have paid dividends. It would be impossible, in all cases, to place the parties in statu quo, and I cannot believe that congress intended to unsettle the transactions of assignees, as such a construction would. It would occasion great and irreparable loss to many estates in the process of settlement in the hands of assignees. But I think there is still another answer. In most cases, as in this, probably, a greater proportion of the creditors, in both number and amount, than the amended act requires, have proved their claims against the bankrupt's estate, and thus become voluntarily parties to the proceedings, which may be considered, on an application of this character, and at this stage of the proceedings, as equivalent to a joining in the petition and consent to the bankruptcy. Having voluntarily become parties by proving their debts, they would be estopped, without withdrawing their proof, from objecting to the regularity of the proceedings, and no reason is perceived why the debtor should be heard to demand a more formal participation or assent on their part. The object of the amendment was doubtless to protect debtors from being proceeded against by a persistent creditor without the approval of any others, perhaps against the wishes and interests of all the other creditors as well as the bankrupt himself; but when it appears, as it does, that nearly all the creditors have proved their debts, and thus become parties, voluntarily, to the proceedings, there is no reason, in the opinion of this court, for requiring a certain number to join as petitioners. Judge Blodgett, in considering the effect of this amendment, in Re Scammon [Case No. 12,430], decided that the act applied to existing cases; but that was in a case where there had been no adjudication before the passage of the law, and although his language is general, it must be understood to have been used in reference to the facts of the case under consideration, and as not covering cases like this, where an adjudication and appointment of assignee had been made. If he meant to include such a case as this, I should feel constrained to dissent from his conclusions; but there is nothing in his opinion to indicate that he intended to embrace cases already adjudicated, and it does not, therefore, involve the question now under consideration.

My conclusions upon the case here presented, are, that it is not necessary to amend the petition when there has been an adjudication before the amended act took effect; that the provisions of the amended act, in regard to the number and amount of the petitioning creditors, do not apply to such cases; but, on the contrary, I hold that the judgment of adjudication, based upon a petition conforming to the provisions of the law in force when made, is valid, and as binding upon the debtor and his creditors as if the amended act had not been passed; that the adjudication removed the case beyond the domain of legislative control. The motion of the bankrupt is denied.

NOTE. That this amendment does not affect cases in which adjudication had been entered, consult, also, In re Pickering [Case No. 11,120]; In re Angell [Id. 386]; In re Rosenthal [Id. 12,-062]; Obear v. Thomas [Id. 10,395]; In re Comstock [Id. 3,077]; Barnert v. Hightower [Id. 1,009]; and several other cases, in subsequent Nos. of Bankruptcy Register.